**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In the Matter of: DARYN
SCHUMACHER,

           Debtor,

_____

DARYN SCHUMACHER,

           Appellant,

   v.

DAVID L. RAY, Chapter 7 Trustee,

           Appellee.

No. 10-55214

D.C. No. 2:08-cv-03027-SVW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted September 2, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER, and BYBEE, Circuit Judges.

_____

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Alan Schumacher appeals from the district court order affirming the bankruptcy court order compelling Schumacher to comply with a court-approved settlement agreement and awarding attorneys' fees to the bankruptcy trustee.

## I

A party who establishes that a bankruptcy trustee failed to comply with the notice requirements required to obtain court approval of a settlement agreement cannot obtain relief from the settlement agreement unless he also establishes that he has been prejudiced by such defective notice. *See Rosson v. Fitzgerald* (*In re Rosson*), 545 F.3d 764, 776 (9th Cir. 2008) (reviewing defective notice in bankruptcy proceedings under the harmless error standard); *see also* Fed. R. Bankr. P. 9005 (applying to bankruptcy proceedings Fed. R. Civ. P. 61, which describes the harmless error standard of review). Here, even if the bankruptcy trustee failed to provide proper notice to one of the bankruptcy estate's creditors—the probate estate—Schumacher has failed to establish how such defective notice prejudiced him in any way. Thus, any defective notice to the probate estate does not render the settlement agreement unenforceable against Schumacher.

## II

In the settlement agreement, Schumacher merely purports to bind himself, rather than the probate estate. Under California law, "[o]ne who binds himself to a

2

contract which cannot be performed without the consent or cooperation of a third person is not relieved of liability because of his inability to secure the required consent or cooperation." *Hensler v. City of Los Angeles*, 268 P.2d 12, 21 (Cal. Dist. Ct. App. 1954); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (explaining that the construction and enforcement of settlement agreements are governed by state law).  Thus, Schumacher's inability unilaterally to bind the probate estate, as one of three co-administrators,[1] *see* Cal. Prob. Code § 9630(a)(2), has no impact on the underlying validity of the settlement agreement, to which the probate estate is not a party.  To the extent Schumacher signed in his capacity as co-administrator of the probate estate, we reject his argument that the settlement is invalid because his probate attorney did not assent; his counsel of record in the bankruptcy action, where the settlement was approved, did assent, which is all the authority he relies on would require.  *See* 7 Cal. Jur. 3d Attorneys at Law § 219 (3d ed. 2015).

Moreover, there is no indication in the record, nor does Schumacher argue, that the parties to the settlement agreement contemplated that the agreement's formation would be contingent upon approval by the probate estate.  Thus, the

---

[1] Schumacher's unopposed motion to take judicial notice, filed on March 2, 2015, is granted.

3

probate estate was not required to approve the agreement in order for the agreement to be enforceable against Schumacher. *See Jacobs v. Freeman*, 163 Cal. Rptr. 680, 687 (Ct. App. 1980) (explaining that only when "reasonable persons would have understood that the agreement would not be effective when originally signed" due to the need for third-party approval will the absence of such approval defeat the formation of the contract).

Thus, the district court did not err in concluding that the settlement agreement was valid and enforceable against Schumacher. We note that the bankruptcy court's order does not specify any particular manner in which Schumacher may or must "caus[e]" the probate estate to withdraw its proof of claim and to release its judgment lien. Neither do we specify any particular means of performance; nor do we decide what relief the bankruptcy trustee may be entitled to obtain if Schumacher proves ultimately unable to carry out his obligations under the settlement agreement.

## III

Because the settlement agreement is enforceable and expressly provides that the prevailing party in any litigation related to the agreement is entitled to attorneys' fees, the district court did not err in affirming the bankruptcy court's award of attorneys' fees to the bankruptcy trustee and in awarding such fees for

4

proceedings before the district court. For the same reason, we remand to the district court to remand to the bankruptcy court to calculate and to award attorneys' fees to the bankruptcy trustee in light of this appeal.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**